IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CT-3077-FL

| | |
|---|---|
| JEFFERY EDENFIELD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| COUNSELOR HAUGEN, DR. ) | |
| PHILLIPS, P.A. SIELICKIE, AHSA ) | |
| KILPATRICK, DR. BENNIT, AHSA ) | |
| GARRIDO, COUNSELOR ALSTON, ) | |
| DR. MERCARDO, P.A. LECUIRE, ) | |
| MS. WATKINS, and DR. ONUOHA, ) | |
| ) | |
| Defendants. ) | |

This matter comes before the court on the motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) filed by defendant United States of America (DE # 16).[1] Plaintiff did not timely respond, and the issues raised by defendant are ripe for adjudication. For the following reasons, the court grants defendant's motion.

### STATEMENT OF THE CASE

On May 24, 2010, plaintiff brought this action pursuant to the Federal Torts Claim Act ("FTCA"), 28 U.S.C. § 2672, against the United States and a number of individuals who have since been dismissed. Plaintiff alleges that the medical professionals at Butner Correctional Institution ("Butner") acted with negligence when they failed to reinstate his convalescence and ordered him

---

[1] All other defendants were dismissed from this action by order dated November 24, 2010.

to work despite his medical condition, resulting in a work-related injury. Plaintiff also alleges that he received negligent medical care after he sustained a work-related injury. The court allowed plaintiff to proceed against the United States with these claims upon frivolity review.

On February 8, 2011, the United States filed a motion to dismiss, arguing that the court lacks subject matter jurisdiction over plaintiff's claim. Alternatively, it argues that plaintiff failed to state a claim upon which relief may be granted. Although he was permitted an extension of time to file a response, plaintiff failed to respond.

## STATEMENT OF FACTS

The allegations, viewed in the light most favorable to plaintiff, are as follows. Plaintiff sustained an injury to his neck and back while he was incarcerated at the United States Penitentiary in Atlanta, Georgia. Due to this injury, plaintiff was placed on a medical restriction known as convalescence. Plaintiff was not permitted to work while on this status.

At some point plaintiff was transferred to Butner. Plaintiff subsequently was notified that his medical restriction accidentally was lifted, and he was assigned to work in the laundry. Plaintiff had difficulty with his job because of his pain, and consulted with his counselor to address the situation. The counselor referred plaintiff to the medical staff. Plaintiff was examined by the medical staff and was put on limited restrictions. Plaintiff then was assigned a job as an orderly.

While on duty as an orderly, plaintiff attempted to lift a mop bucket out of a trough in a closet when his "legs went out on him as he pulled his back causing further injury to his spinal column and neck. . . ." See Compl. 3. Those injuries have caused plaintiff to experience incontinence and he now requires the use of a walker. After the aforementioned injury, plaintiff was placed on full convalescence medical status.

2

## DISCUSSION

A.     Standard of Review

Defendant moves to dismiss plaintiff's petition pursuant to both Rule 12(b)(1) and 12(b)(6). Under Rule 12(b)(1), the plaintiff bears the burden of showing that federal jurisdiction is appropriate when challenged. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). When the Rule 12(b)(1) motion attacks the complaint as failing to state facts upon which subject matter jurisdiction may be based, the facts in the complaint are assumed to be true and the plaintiff is afforded the same protections he or she would receive under a Rule 12(b)(6) motion. Adams, 697 F.2d at 1219. The Rule 12(b)(1) motion may attack alternatively the existence of subject matter jurisdiction in fact, apart from the complaint. Id. Because the court's power to hear the case is at issue in a Rule 12(b)(1) motion, the court is free to weigh the evidence to determine the existence of jurisdiction. Id.

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ----, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009).

3

B.   Analysis

The Inmate Accident Compensation Act ("IACA"), 18 U.S.C. § 4126, provides the exclusive remedy against the United States for a federal inmate's work-related injuries. See 28 C.F.R. § 301.319. The IACA precludes a suit under the FTCA for damages for a prisoner's work-related injuries. See United States v. Demko, 385 U.S. 149, 152-53 (1966). Regulations define "work-related injury" as "any injury, including occupational disease or illness, proximately caused by the actual performance of the inmate's work assignment." 28 C.F.R. § 301.102(a); see also Aston v. United States, 625 F.2d 1210, 1211 (5th Cir. 1980) (per curiam) ("[T]he cause of the injury is irrelevant so long as the injury itself occurred while the prisoner was on the job."). The IACA also provides the exclusive remedy where a prisoner's work-related injury is later aggravated by negligence or malpractice on the part of prison officials. See Wooten v. United States, 825 F.2d 1039, 1044 (6th Cir. 1987); Thompson v. United States, 495 F.2d 192 (5th Cir. 1974).

In this case, plaintiff states that he injured his spinal column and neck while working as an orderly at Butner. In particular, plaintiff states that his injury occurred while he was attempting to lift a mop bucket out of a trough in the closet. As such, plaintiff's complaint involves a work-related injury that is compensable only under the IACA. See 28 C.F.R. § 301.102; Wooten, 825 F.2d at 1044 (holding that the IACA also "provides the exclusive remedy where a prisoner with a pre-existing medical problem is subsequently injured in a work-related accident"). Therefore, plaintiff fails to state a cognizable claim under the FTCA.[2]

---

[2] Although plaintiff also alleges a negligence claim under the FTCA arising out of the medical care he received for his injuries, allegations that the negligence of prison medical personnel caused a work-related injury or caused it to worsen fail to state a cognizable claim under the FTCA for reasons already given. See Wooten, 825 F.2d at 1044; Webb v. Lappin, No. 1:07cv1203, 2008 WL 4360995, *4 (E.D. Va. Sept. 22, 2008).

4

Of course, even if plaintiff's FTCA claim fell outside the of the scope of the IACA, it would still fail as a matter of law. An individual may seek relief from the United States under the FTCA only where the same relief sought is available against a private person in the state where the cause of action arose. See, e.g., United States v. Muniz, 374 U.S. 150, 152–53 (1963); Miller v. United States, 932 F.2d 301, 303 (4th Cir. 1991). In such cases, the court applies the substantive law of the state in which the act or omission giving rise to the action occurred. Myrick v. United States, 723 F.2d 1158, 1159 (4th Cir. 1983). North Carolina law imposes substantive legal requirements that a person must follow to pursue a medical malpractice claim. See N.C. R. Civ. P. 9(j). Plaintiff has not satisfied these requirements.[3]

## CONCLUSION

For the reasons set forth above, defendant's motion to dismiss (DE # 16) is GRANTED, and the action is dismissed without prejudice. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 6 day of July, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge

---

[3] Under North Carolina Rule of Civil Procedure 9(j), a plaintiff's medical malpractice complaint must assert that the medical care has been reviewed by a person who is reasonably expected to qualify (or whom the plaintiff will move to qualify) as an expert witness and who is willing to testify that the medical care received by the plaintiff did not comply with the applicable standard of care. See N.C. R. Civ. P. 9(j)(1), (2); see, e.g., Frazier v. Angel Med. Ctr., 308 F. Supp. 2d 671, 676 (W.D.N.C. 2004); Moore v. Pitt County Mem'l Hosp., 139 F. Supp. 2d 712, 713 (E.D.N.C. 2001). Alternatively, the complaint must allege facts establishing negligence under the common-law doctrine of *res ipsa loquitur*. See N.C. R. Civ. P. 9j(3). Failure to comply with Rule 9(j) is grounds for dismissal of a state medical malpractice claim brought in federal court. See, e.g., Frazier, 308 F. Supp. 2d at 676–77; Moore, 139 F. Supp. 2d at 713. Plaintiff's complaint contains no statement by a medical expert, and the circumstances of his injuries and/or their aggravation do not clearly demonstrate a failure to comply with the applicable standard of care.

5